UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA CANO<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service (Pacific Area),<br><br>　　　　　　　　　Defendant. | Case No.: 19-CV-239-CAB-BGS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. Nos. 9, 11] |

This matter is before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, although the complaint and summons were not served within the time required by Federal Rule of Civil Procedure 4(m), Plaintiff is entitled to relief from Rule 4(m)'s time requirements. Accordingly, Defendant's motion is denied.

**I.  Background**

On February 1, 2019, Plaintiff Lorena Cano, an employee of the United States Postal Service ("USPS"), filed the complaint in this lawsuit against the Defendant, the Postmaster General of the United States Postal Service, alleging that Cano suffered sexual harassment

by her supervisor at the post office where she worked. [Doc. No. 1.] As of May 6, 2019, there was no indication on the docket that the complaint had been served on Defendant, so the Court ordered Plaintiff to show cause why the complaint should not be dismissed under Federal Rule of Civil Procedure 4(m). [Doc. No. 5.] In Plaintiff's response to the order to show cause, Plaintiff's counsel blamed the failure to serve Defendant on the process server she hired, on her legal secretary's maternity leave, and on miscommunications with her temporary office staff. [Doc. No. 7.] Plaintiff also stated that she "served Defendant both the complaint and the summons on May 14, 2019." [*Id.* at 2.] The following day, Plaintiff filed a proof of service indicating that the summons had been served by leaving it with a legal administrative assistant on May 14, 2019. [Doc. No. 8.]

On July 3, 2019, Defendant filed the instant motion to dismiss. [Doc. No. 9.] According to the motion, Plaintiff failed to comply with Federal Rule of Civil Procedure 4(i) which governs service of summons and complaints in actions against federal employees in their individual capacity. Along with her opposition to the motion, Plaintiff filed a separate motion for an extension of time for service [Doc. No. 11], along with new proofs of service indicating that the summons and complaint were served by registered mail on Defendant, the Attorney General of the United States, and the United States Attorney for the Southern District of California on July 3, 2019. [Doc. No. 10.]

**II.    Discussion**

"A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (internal quotation marks and citations omitted). Although Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint . . . actual notice . . . will [not] subject defendants to personal jurisdiction

if service was not made in substantial compliance with Rule 4." *Id.* (internal quotation marks, brackets, and citations omitted).

There is no dispute here that Plaintiff was required to serve the complaint and summons in accordance with Rule 4(i), which requires service of a complaint against a United States employee served in their official capacity to be served by sending a copy of the summons and complaint by registered or certified mail to: (1) the United States attorney's office for the jurisdiction where the action is filed (Fed. R. Civ. P. 4(i)(1)(A)(ii));[1] (2) the Attorney General of the United States (Fed. R. Civ. P. 4(i)(1)(B)); and (3) to the officer being sued in her official capacity (Fed. R. Civ. P. 4(i)(2)). There also is no dispute that Plaintiff failed to serve the summons and complaint in any of these three required ways within the time limits required by Rule 4(m). Accordingly, in light of Defendant's motion, the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time," unless "plaintiff shows good cause for the failure [to serve]," in which case "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Even if there is not good cause for a plaintiff's delay, the Court has discretion to provide relief on a showing of "excusable neglect" by a plaintiff. In other words:

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.

*Crowley*, 734 F.3d at 976 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)); *see also* Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments,

---

[1] Rule 4(i)(1)(A)(i) also permits service on the United States attorney by delivering a copy of the summons and complaint to the United States attorney "or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk."

Subdivision (m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.").

Here, Plaintiff does not demonstrate good cause for her failure to serve the summons and complaint in accordance with Rule 4(i) within the time required by Rule 4(m). The only reason offered for the delay is the inadvertence or negligence of Plaintiff's counsel. That Plaintiff's counsel was not aware of Rule 4(i) "does not qualify as good cause for [Plaintiff's] failure to comply with" its requirements. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that attorney's ignorance of Rule 4(j), which is the predecessor to Rule 4(m), does not constitute good cause for untimely service); *Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) (affirming dismissal for failure to timely serve the United States as required by Rule 4 because it was not abuse of discretion for district court to find that the plaintiff's counsel's failure to pay attention to the Rule 4 requirements was not a justifiable excuse).

Nevertheless, the ineptitude of Plaintiff's counsel could qualify as excusable neglect, which:

> encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness. The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. To determine when neglect is excusable, we conduct the equitable analysis specified in [*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380 (1993)], by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Lemoge*, 587 F.3d at 1192 (internal quotation marks and citations omitted).

Here, although counsel's negligence is rather extreme in light of the failure to properly serve Defendant even after the order to show cause from the Court, the equities support giving her relief. There is no argument of any prejudice to Defendant by allowing

this case to proceed, Plaintiff has already remedied her prior defective attempt at service, and there is no indication of bad faith by Plaintiff. Moreover, because Plaintiff would be time-barred from re-filing her lawsuit, she would be prejudiced if the Court dismisses the complaint. *See id.* at 1198 (reversing and ordering the district court to extend time for the plaintiffs to complete service under Rule 4(m) because the plaintiffs would be time-barred from re-filing their action). Accordingly, relief under 4(m) is appropriate.

### III. Conclusion

In light of the foregoing, Plaintiff is entitled to relief under 4(m) for her failure to serve Defendant within 90 days. Accordingly, Plaintiff's motion for an extension of time [Doc. No. 11] is **GRANTED**, and Defendant's motion to dismiss is **DENIED**. Because it appears from the docket that Defendant now has been served with the summons and complaint in accordance with Rule 4(i), Defendant shall respond to the complaint within the time required by the applicable rules.

It is **SO ORDERED**.

Dated: August 7, 2019

Hon. Cathy Ann Bencivengo
United States District Judge